# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MATHESON TRI-GAS, INC.** | : | **CIVIL ACTION NO. 2:16-cv-1303** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **WILLIAMSON GENERAL CONTRACTORS, INC.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(2) by Taiyo Nippon Sanso Corporation ("TNSC"), relating to the claims raised against it in defendant Williamson General Contractors, Inc.'s ("Williamson") First Supplemental and Amended Counterclaim ("Amended Counterclaim") [doc. 24]. Doc. 41. Williamson opposes the motion and requests, in the alternative, that the court permit limited jurisdictional discovery or allow Williamson time to file a second supplemental and amended counterclaim. Doc. 43.

This matter began as a breach of contract suit relating to the building of Matheson Tri-Gas, Inc.'s ("Matheson") Pelican Phase I plant ("Pelican project") in Westlake, Louisiana. Doc. 1. Matheson alleged, in relevant part, that its contractor on the Pelican project, Williamson, demanded additional unreasonable sums to complete the facility after being fairly compensated for design modifications and then abandoned the project, in breach of the parties' agreements.[1] *Id.* at 2–5. Williamson filed counterclaims against Matheson, and then in its Amended Counterclaim also named Matheson's parent company, TNSC, a Japanese corporation, as counter defendant.

---

[1] Matheson amended its complaint to bring additional claims against Williamson, also based on its alleged breaches relating to completion of the Pelican project. *See* doc. 20.

-1-

Docs. 6, 24. TNSC has now filed the instant Motion to Dismiss for lack of personal jurisdiction. Doc. 41.

Williamson maintains that the court can exercise specific jurisdiction over TNSC as a result of its contacts in this forum relating to the Pelican project. Doc. 43. Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001)). In other words, "[t]he non-resident's purposefully directed activities must be such that he could reasonably anticipate being haled into court in the forum state." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). Specific jurisdiction also requires "a sufficient nexus" between the cause of action and the defendant's contacts with the forum. *Id.* at 378–79. Accordingly, specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Monkton Ins. Svcs., Ltd. v. Ritter*, 768 F.3d 429, 432–33 (5th Cir. 2014) (quoting *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014)). Under this test, "[e]ven a single, substantial act directed toward the forum can support specific jurisdiction." *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990).

Williamson relies on, inter alia, an affidavit from its president Michael Williamson. Michael Williamson states that individuals who represented that they were TNSC employees were present at the Pelican project site and that TNSC issued the initial round of revised drawings "which significantly altered the design of the Project and Williamson's work on Phase I." Doc. 43, att. 1; *see* doc. 24, p. 3, ¶ 8. TNSC provides an affidavit from a Matheson executive stating that these individuals were actually two Matheson executives and an independent contractor, respectively, at the time complained of. *See* doc. 47, att. 1, pp. 1–2, ¶¶ 5–7. However, one of these

individuals was also identified as a TNSC executive in initial interrogatory responses[2] and in TNSC's annual report for the relevant time period. Doc. 43, att. 4, p. 4; doc. 43, att. 5, p. 19.

The conflicting evidence and assertions about TNSC's involvement in the Pelican project and which employer the three individuals referenced in the affidavit were actually serving prevents Williamson of meeting its burden of setting forth a prima facie case for the exercise of jurisdiction over TNSC. Therefore we instead consider Williamson's request for jurisdictional discovery.

The decision to allow jurisdictional discovery is within the district court's discretion, and need not be permitted unless the motion to dismiss raises issues of fact. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005); *Kelly v. Syria Shell Petrol. Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). The court is also under no obligation to permit a "fishing expedition" into jurisdictional facts. *Best Little Promohouse in Texas, LLC v. Yankee Pennysaver, Inc.*, 2014 WL 5431630, at *4 (N.D. Tex. Oct. 27, 2014). Furthermore, the court may deny a request to conduct jurisdictional discovery where the requesting party fails to identify the discovery needed, the evidence expected to be obtained thereby, and how such information would advance its allegations of personal jurisdiction. *Equistart Chems., LP v. Maschinenfabrik Alfing Kessler GmbH*, 2014 WL 3735219, at *1 (citing *Kelly*, 213 F.3d at 856).

Williamson's evidence is sufficient to raise issues of fact relating to the court's ability to exercise personal jurisdiction over TNSC, specifically relating to TNSC's contacts with the forum state and the nexus between those contacts and the claims against TNSC. Although Williamson has not directly identified the discovery needed, evidence expected to be obtained thereby, and how such information would support an exercise/finding of personal jurisdiction, all of these areas

---

[2] In a supplemental response, Matheson again identified this individual (Masami Myobatake, whose surname is spelled differently in almost every exhibit) as a potential fact witness but did not identify him as a TNSC executive, though it does not now dispute the accuracy of its original designation. Doc. 43, att. 6, p. 2.

can be inferred from the gaps remaining in Williamson's effort to carry its burden on the motion to dismiss. Discovery can be limited in scope to TNSC's contacts in Louisiana relating to the Pelican Phase I plant, and the court's ability to exercise specific jurisdiction over TSNC would hinge on whether Williamson could substantiate its allegations of TNSC's involvement and show sufficient minimum contacts.

Accordingly, **IT IS ORDERED** that the Motion to Dismiss [doc. 41] be **DENIED AS MOOT**, that Williamson's request for jurisdictional discovery [doc. 43] be **GRANTED**, and that the parties be allowed an additional **three months** from the date of this order to conduct limited jurisdictional discovery on the issue of TNSC's contacts with the forum state as those contacts relate to the claims raised in Williamson's Amended Counterclaim [doc. 24]. TNSC may bring a second Motion to Dismiss after the conclusion of discovery, if it desires, with normal briefing deadlines to follow.

THUS DONE this 27th day of July, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE