UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| MATHESON TRI-GAS, INC. | CIVIL ACTION NO. 16-1303 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WILLIAMSON GENERAL CONTRACTORS, INC. | MAGISTRATE JUDGE KAY |

**MEMORANDUM ORDER**

Before the Court is a Magistrate Appeal (Record Document 50) filed by Taiyo Nippon Sanso Corporation ("TNSC").[1] TNSC objects to and appeals the Magistrate Judge's Memorandum Order (Record Document 48) dated July 27, 2018, granting defendant Williamson General Contractors, Inc.'s ("Williamson") request for jurisdictional discovery and denying as moot TNSC's motion to dismiss. For the reasons set forth below, the Magistrate Appeal (Record Document 50) is **DENIED** and Magistrate Judge Kay's Memorandum Order (Record Document 48) of July 27, 2018 is **AFFIRMED**.

Any party may appeal a magistrate judge's ruling on a non-dispositive matter to a district court judge under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 74.1. The decision by Magistrate Judge Kay to grant Williamson's request for jurisdictional discovery is a non-dispositive matter. It is an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A) & Fed. R. Civ. P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perales v. Casillas, 950 F.2d 1066,

---

[1]TNSC made a special appearance in the litigation solely for the purpose of filing a Motion To Dismiss For Lack Of Personal Jurisdiction. See Record Document 41.

1070 (5th Cir.1992). This Court will review the Magistrate Judge's legal conclusions de novo, and will review her factual findings for clear error. See Escamilla v. M2 Tech., Inc., 581 F. App'x 449, 451 (5th Cir. 2014); Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

This matter began as a breach of contract suit involving the building of Matheson Tri-Gas, Inc.'s Pelican Phase I plant. Matheson alleged that its contractor, Williamson, demanded additional, unreasonable sums to complete the facility and then abandoned the project, in breach of the parties' agreements. See Record Document 1. Williamson filed counterclaims against Matheson and then, in an amended counterclaim, also named Matheson's parent company, TNSC, a Japanese corporation, as a counter defendant. See Record Documents 6 and 24. TNSC then filed a motion to dismiss for lack of personal jurisdiction. See Record Document 41. Williamson countered that the court could exercise specific jurisdiction over TNSC as a result of its contacts in this forum related to the Pelican Phase I plant. See Record Document 43.

In support of its assertion of specific jurisdiction, Williamson relied upon, inter alia, an affidavit from its president wherein he stated that individuals who represented that they were TNSC employees were present at the Pelican Phase I plant and that TNSC issued an initial set of revised drawings. See id. TNSC countered with its own affidavit that the individuals were not TNSC employees. See Record Document 47, Ex. A. However, Magistrate Judge Kay specifically noted in her Memorandum Order that one of these individuals was also identified as a TNSC executive in initial interrogatory responses and in TNSC's annual report. See Record Document 48 at 2-3. She then observed that "[t]he conflicting evidence and assertions about TNSC's involvement in the Pelican project and

which employer the three individuals referenced in the affidavit were actually serving prevents Williamson of meeting its burden of setting forth a prima facie case for the exercise of jurisdiction over TNSC." Id. at 3. Therefore, she turned to the request for jurisdictional discovery. She concluded that Williamson's evidence was "sufficient to raise issues of fact related to the court's ability to exercise personal jurisdiction over TNSC, specifically relating to TNSC's contacts with the forum state and the nexus between those contacts and the claims against TNSC." Id.[2]

In the instant appeal, TNSC contends that Magistrate Judge Kay erred because she should have recommended dismissal of the amended counterclaim against TNSC and not allowed Williamson's request for jurisdictional discovery based upon its scant assertions of jurisdiction and need. See Record Document 50. The Court disagrees. Magistrate Judge Kay's decision to deny the motion to dismiss as moot and grant Williamson's request for jurisdictional discovery was a proper exercise of judicial discretion and was neither clearly erroneous or contrary to law.[3] See Moore v. Ford Motor Co., 755 F.3d 802, 808 (5th Cir. 2014) ("[D]iscovery decisions of the trial judge [are reviewed] for abuse of discretion.").

"A plaintiff is not entitled to jurisdictional discovery when 'the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1)

---

[2]Magistrate Judge Kay also acknowledged that Williamson had not directly identified the discovery needed but attributed this to "the gaps remaining in Williamson's effort to carry its burdeon on the motion to dismiss." Record Document 50 at 3-4.

[3]TNSC also objects to Magistrate Judge Kay's denial of its motion to dismiss as a dispositive matter subject to de novo review. See Record Document 50 at 4 (citing Davidson v. Georgia-Pacific, LLC, 819 F.3d 758, 762 (5th Cir. 2016)). This Court finds that her decision is also supported under a de novo review.

motion.'" Monkton Ins. Servs., Ltd. v. Ritter, 768 F.3d 429, 434 (5th Cir. 2014), quoting Freeman v. United States, 556 F.3d 326, 342 (5th Cir. 2009). This is simply not the case herein. The Court agrees with Magistrate Judge Kay's analysis that Williamson's evidence was "sufficient to raise issues of fact related to the court's ability to exercise personal jurisdiction over TNSC, specifically relating to TNSC's contacts with the forum state and the nexus between those contacts and the claims against TNSC." Record Document 48 at 3. The Magistrate Judge's ruling as to Williamson's request for jurisdictional discovery and resulting denial of TNSC's motion to dismiss as moot will, therefore, be upheld.

Accordingly,

**IT IS ORDERED** that the Magistrate Appeal (Record Document 50) filed by TNSC is **DENIED** and that Magistrate Judge Kay's Memorandum Order (Record Document 48) of July 27, 2018 is **AFFIRMED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 11th day of October, 2018.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT