UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MATHESON TRI-GAS, INC.** | : | **CIVIL ACTION NO. 2:16-cv-1303** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **WILLIAMSON GENERAL CONTRACTORS, INC.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a re-urged Motion to Dismiss [doc. 72] filed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure by Taiyo Nippon Sanso Corporation ("TNSC") and relating to the claims raised against it in defendant Williamson General Contractors, Inc.'s ("Williamson") First Supplemental and Amended Counterclaim ("amended counterclaim") [doc. 24]. The matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

I.
BACKGROUND

This matter began as a breach of contract suit relating to the building of plaintiff Matheson Tri-Gas, Inc.'s ("Matheson") Pelican Phase 1 plant ("Pelican project") in Westlake, Louisiana. Doc. 1. In its original complaint, filed in this court on September 15, 2016, Matheson alleged that it had accepted Williamson's bid to build the facility for an agreed-upon lump sum price of over $15.8 million in May 2015, that the parties also entered into a change order agreement in February 2016 through which Matheson agreed to pay Williamson an additional $3.4 million for various design changes, and that they further agreed that subsequent change orders would be charged to

Matheson on a cost plus basis. *Id.* at 2–3. Matheson maintained that it paid Williamson all sums due and owing under their agreement, totaling over $19.7 million, but that Williamson continued to demand "additional unreasonable sums" to complete the facility and then abandoned the project on or about June 30, 2016, in breach of the parties' agreement. *Id.* at 3. As a result, Matheson asserted, several of Williamson's subcontractors have filed or threatened to file liens against the facility to recover sums that they allege they are owed by Williamson. *Id.* at 3–4. Accordingly, Matheson brought this suit seeking damages incurred from Williamson's alleged breaches and subrogation to the rights of any subcontractors it must satisfy because of their liens against Matheson's property based on Williamson's alleged failure to satisfy its obligations. *Id.* at 4–5.

In November 2016, Williamson filed counterclaims against Matheson for breach of contract, bad faith breach of contract, and detrimental reliance. Doc. 6, pp. 8–13. Williamson amended its counterclaim in August 2017 to add claims of fraud/fraudulent inducement, cardinal change, open account, unjust enrichment, quantum meruit, and negligence. Doc. 24. In the amended counterclaim it also added TNSC, parent company of Matheson, as defendant. *Id.* at 1. TNSC, a Japanese corporation, appeared for the limited purpose of filing a motion to dismiss all claims against it for lack of personal jurisdiction. Doc. 41. The court granted jurisdictional discovery and denied the motion, subject to TNSC's right to reurge the motion after the completion of discovery. Docs. 48, 60. TNSC now reurges its motion. Doc. 72. The motion has been fully briefed, with opposition from Williamson, and is now ripe for review.

## II.
## LAW & ANALYSIS

### A. *Rule 12(b)(2) Standard*

A party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists, and so the plaintiff carries the burden on the defendant's challenge to personal

jurisdiction. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)). When the court rules on the motion without an evidentiary hearing, the plaintiff is only required to make a prima facie showing and the court must resolve all undisputed facts submitted by the plaintiff, as well as all contested issues of fact, in favor of jurisdiction. *Id.*; *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989). However, the court is not required to credit conclusory allegations. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

In resolving the motion the court may review pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. *Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc.*, 963 F.2d 90, 95 (5th Cir. 1992). The plaintiff ordinarily need only make out a prima facie case for personal jurisdiction, but must meet a higher "preponderance of the evidence" standard if the court conducts an evidentiary hearing. *Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

Two preconditions must be satisfied before this court will assert personal jurisdiction: (1) the defendant must be amenable to service under the forum state's long-arm statute, and (2) the assertion of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). The Louisiana long-arm statute is coextensive with the limits of due process. *E.g.*, *Laird v. Deep Marine Technology, Inc.*, 2004 WL 2984282, *1 (E.D. La. Dec. 7, 2004). Therefore the requirements are combined for the purpose of this analysis. *Id.* For personal jurisdiction to comport with due process, the plaintiff must show that (1) the defendant purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and

(2) exercising jurisdiction over the defendant would not offend traditional notions of fair play and substantial justice. *Jones*, 954 F.2d at 1068.

## B. Application

As TNSC emphasizes, "a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is presently doing business there." *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983). "[S]o long as a parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other." *Id.* Williamson maintains that it is not relying on the parent-subsidiary relationship between TNSC and Matheson, and that the court can exercise specific jurisdiction over TNSC because of its own contacts with Louisiana over the planning and implementation of the Pelican project. Docs. 43, 83.

The "minimum contacts" prong may be met through contacts giving rise to either general or specific jurisdiction. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). Specific jurisdiction, the type alleged here, exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel*, 517 F.3d at 243. In other words, the non-resident's purposefully directed activities must be such that he could reasonably anticipate being haled into court in the forum state. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). Specific jurisdiction also requires "a sufficient nexus" between the defendant's contacts with the forum state and the cause of action. *Id.* at 378–79. Accordingly, specific jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore

subject to the state's regulation." *Goodyear v. Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011) (cleaned up).

Williamson's amended counterclaim only asserts the parent/subsidiary relationship between TNSC and Matheson, and then goes on to describe actions taken by Matheson "and/or" TNSC relating to the Pelican project: namely, that these entities represented that the project site would be accessible, that bids would be premised on their designs and estimates of quantities of materials and work items, and that they issued revised drawings that altered the design and nature of the project. *See* doc. 24, pp. 2–3, ¶¶ 4, 6, 8, 10. Williamson then alleges that it negotiated additional compensation and consideration for some of the delays with Matheson, but that Matheson failed to fulfill its promises. *Id.* at p. 4, ¶¶ 13–16.

In opposing the first Motion to Dismiss Williamson argued that TNSC had a greater general involvement in the project, showing a possible overlap between TNSC and Matheson employees involved in same. *See* doc. 43. Accordingly, the court found that Williamson failed to set forth a prima facie case of jurisdiction but allowed time for limited jurisdictional discovery. Doc. 48. The period allotted for jurisdictional discovery has now elapsed. Because no evidentiary hearing is being conducted, Williamson's burden remains at the prima facie case level.

TNSC asserts, and Williamson fails to dispute, that Williamson did not discover any additional facts to support an exercise of personal jurisdiction. Doc. 72, att. 1; *see* doc. 83. Williamson instead argues that TNSC's discovery responses were "wholly insufficient, evasive and purposefully non-responsive." Doc. 83, p. 6. However, Williamson has not moved to compel discovery responses and instead only asks that the court deny the renewed motion to dismiss or give Williamson sufficient time to once again amend the amended counterclaim. *Id.* at 15. TNSC disputes that its answers were evasive or otherwise insufficient, though neither party has attached

copies thereof for the court's review. It also asserts that any attempt at amendment should be denied as futile. Doc. 85.

Williamson submits no new information in support of its opposition to TNSC's motion, and the court has already deemed his showing insufficient. Its assertions in the amended counterclaim, taken as true and to involve TNSC in each allegation under which it is named, still rely on the mere issuance of design drawings and do not show that TNSC was a party to any agreement allegedly breached, had any involvement in the negotiating or fulfillment of payments, or was otherwise closely involved in the project. Furthermore, Williamson is an Arkansas corporation with its principal office in that state. *See* doc. 1, p. 1. Even if the issuance of design drawings by TNSC were sufficient to establish minimum contacts, Williamson has not shown that TNSC either drafted these drawings in Louisiana or sent them directly to that state. The fact that the drawings related to a project in the state is insufficient to establish minimum contacts, given that TNSC was not a party to the contract, that the claims arise not from the design changes themselves but from the alleged breach of Matheson's agreement to compensate for the changes, and that the amended counter-claim fails to allege how TNSC otherwise established contacts with Louisiana. Accordingly, Williamson's amended counterclaim fails to set forth a prima facie case for the exercise of personal jurisdiction over TNSC.

Jurisdictional discovery has apparently produced no evidence of greater contact between TNSC and Louisiana or of TNSC's involvement in the events giving rise to Williamson's counter-claims. Williamson fails to explain how it would remedy this shortcoming through amendment. Given that it relies on the same facts and legal arguments in opposition to the re-urged motion to dismiss at it did on the previous one, the court finds no basis for delaying a ruling on this matter pending the preparation of an amended complaint. Accordingly, the re-urged motion to dismiss

should be granted and all claims against TNSC dismissed. However, the dismissal cannot be made with prejudice as TNSC requests. Because a determination that the court lacks personal jurisdiction is not a judgment on the merits, the dismissal must be made without prejudice. *See, e.g.*, *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 623 n. 2 (5th Cir. 1999).

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 72] be **GRANTED** and that all claims against defendant Taiyo Nippon Sanso Corporation be **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 23rd day of January, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE