UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MATHESON TRI-GAS, INC.** | **CASE NO. 2:16-CV-01303** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WILLIAMSON GENERAL CONTRACTORS, INC.** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Vacate [doc. 116] filed under Federal Rules of Civil Procedure 6(b)(1)(B) and 60(b)(1) by defendant Williamson General Contractors, Inc. ("Williamson"), in response to the Memorandum Ruling [doc. 114] and Judgment [doc. 115] of this court granting the Motion for Summary Judgment [doc. 110] filed by plaintiff Matheson Tri-Gas, Inc. ("Matheson"). Matheson opposes the Motion to Vacate and Williamson has filed a reply. Docs. 119, 120.

### I.
### BACKGROUND

This action arises from contract disputes between Matheson and Williamson for work on Matheson's construction of a new gas plant in Westlake, Louisiana. The factual background has been summarized at length in the court's prior opinions. *See, e.g., Matheson Tri-Gas, Inc. v. Williamson Gen. Contractors, Inc.*, 2019 WL 1562247, at *1 (W.D. La. Feb. 28, 2019), report and recommendation adopted, 2019 WL 1561369 (W.D. La. Apr. 10, 2019). Matheson seeks damages from Williamson based on its alleged abandonment of the project after its demands for additional sums were unmet, and

subrogation to the rights of any subcontractors whose liens it was required to satisfy as a result of Williamson's alleged abandonment. *Id.* Williamson also filed several counterclaims, most of which were dismissed on a prior motion for summary judgment. *Id.* However, its counterclaims for bad faith breach of contract and detrimental reliance remained before the court. *Id.*

Relevant to the instant motion, Matheson filed a Motion for Partial Summary Judgment [doc. 105] on May 17, 2019, asserting that it is entitled to judgment as a matter of law on its claim for indemnity under the Louisiana Private Works Act ("LPWA"), La. Rev. Stat. § 9:4801 *et seq.* Doc. 105. Williamson opposed the motion. Doc. 108. On June 7, 2019, the same day that Williamson filed its opposition to the motion for partial summary judgment, Matheson also moved for summary judgment ("second motion for summary judgment") on Williamson's two remaining counterclaims. Doc. 110. A notice of motion setting was issued on June 10, 2019, and specified that Williams's opposition to the second motion for summary judgment was due within 21 days after service of the motion in accordance with Local Rule 7.5. Doc. 111. Williams did not file any opposition within that time.[1] The court therefore treated the second motion for summary judgment as unopposed when it ruled on July 30, 2019, and granted both motions. *See* doc. 114. As to the latter it noted that Matheson's statement of uncontested material facts must be accepted as true due to Williamson's failure to oppose the motion. *Id.*

---

[1] Williamson received another reminder of the pending second motion for summary judgment on July 18, 2019, when the motion was transferred to the undersigned. *See* doc. 119, att. 2.

Within two days of that ruling, Williamson filed the instant motion to vacate. Doc. 116. Here it admits that notice of the new filing was received by lead counsel. Doc. 116, att. 2, ¶¶ 7–10. It explains that its failure to oppose the second motion for summary judgment [doc. 110] was due to counsel's mistake in not recognizing that the new filing was an independent motion rather than something filed in connection with the motion for partial summary judgment, filed the same day.[2] Accordingly, it requests that the court vacate its ruling as to the second motion for summary judgment and allow it (Williamson) time to file a response. Matheson opposes the request. Doc. 119.

## II.
## Law & Application

Williamson brings this Motion to Vacate under Federal Rules of Civil Procedure 6(b)(1)(B) and 60(b)(1). Rule 6(b)(1)(B) provides that the court may, at a party's motion, extend a deadline even after it has passed if the party failed to act because of excusable neglect. Meanwhile, Rule 60(b) provides several grounds for granting relief from a final judgment, order, or proceeding, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Because Williamson could not be granted leave to oppose the second motion for summary judgment without the court's ruling first being vacated, the court addresses the grounds for relief under Rule 60(b) first and only considers extension of the deadline if it vacates the judgment.

---

[2] In his affidavit, lead counsel admits that he received automatic notice of the filing on June 7 but does not address the court's notice of motion setting or the docket entry noting transfer of the motions. Doc. 116, att. 2.

Relief under Rule 60(b) is an extraordinary remedy that should only be granted in unusual or unique circumstances. *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985). The availability of such relief does not trump a party's duty of diligence, and the court would abuse its discretion if it were to grant relief when the only justification "is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) (citing *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991)). "Calendaring errors and mistakes about deadlines qualify as a careless mistake of counsel." *Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 F. App'x 435, 437 (5th Cir. 2018) (collecting cases). Accordingly, Rule 60(b) is "inapplicable to provide relief from the errors that counsel . . . committed during the actual representation of their clients." *Assoc. Marine Equip., LLC v. Jones*, 301 F. App'x 346, 350 (5th Cir. 2008); *see also Pryor*, 769 F.2d at 289 ("While we are sympathetic to the plight of a client prejudiced by his attorney's inadvertence or negligence, the proper recourse for the aggrieved client . . . is to seek malpractice damages from the attorney.") Here the only justification for relief is counsel's error in not recognizing the filing of a second motion for summary judgment or filing a timely response. Under *Bohlin* and *Pryor*, then, the motion should be denied.

Williamson argues that counsel's neglect is nonetheless excusable. It first argues that the court must examine its motion liberally, under the standards applicable to setting aside default judgments. As Matheson asserts, however, entry of summary judgment did not take effect of a default judgment in this matter. Instead, Williamson had already made an appearance and submitted responsive pleadings in this matter, and the court considered

-4-

the record (including Williamson's exhibits on the prior motion for summary judgment) before reaching a decision. Accordingly, Williamson is entitled to no special consideration in its motion to vacate.³ *Accord Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469, 1471–72 (5th Cir. 1989).

Williamson also notes that, because its motion was made within twenty-eight days of judgment, it may be considered under the less "exacting" standards of Rule 59(e) as a motion to alter or ament a judgment. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798, at *1–*2 (N.D. Tex. Nov. 10, 1999). To prevail on such a motion, however, a party is still required to show (1) that the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. *Flynn v. Terrebonne Par. Sch. Bd.*, 348 F.Supp.2d 769, 771 (E.D. La. 2004). Only the third factor is potentially relevant here. The case law in this circuit on attorney error – and the availability for Williamson of an alternative remedy in malpractice – show that no manifest injustice was done by the granting of summary judgment when his counsel failed to oppose the motion.

Finally, Williamson maintains that the court must examine counsel's admitted error under the factors outlined in *Pioneer Investment Services Co. v. Brunswick Association*

---

³ Williamson argues that *Smith* is distinguishable because this was Matheson's second motion for summary judgment on its counterclaims, and Matheson provided "little if any explanation of what new evidence had emerged" to justify its "second bite at the apple." Doc. 120, pp. 6–7. Matheson provided a detailed affidavit and appendices responding to Williamson's assertions of outstanding invoices, and the court found these sufficient to carry its burden on the summary judgment motion.

*Ltd. Partnership*, 507 U.S. 380 (1993). There the Court set forth guidance to determine whether attorney error counted as excusable neglect under federal bankruptcy rules permitting late filings.[4] The Fifth Circuit has cited *Bohlin* and *Pryor* approvingly numerous times in the years since *Pioneer Investment Services*, and continues to emphasize that attorney error does not provide a basis for relief under Rule 60(b). *See, e.g., Rayford*, 740 F. App'x at 437 (collecting cases). It has also "regularly found 'excusable neglect' in responding to a dispositive motion only in circumstance where, through inadvertence, the party or its attorney did not receive notice." *McKenzie v. Principi*, 83 F. App'x 642, 644 (5th Cir. 2003) (collecting cases). In this matter counsel has admitted that he received notice but, due to his own carelessness, failed to recognize what the new filing was. "Were [the court] to make an exception to the finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would disappear." *Pryor*, 769 F.2d at 288–89. Accordingly, there is no basis for departing from the Fifth Circuit's settled guidance under Rule 60(b) and Williamson is not entitled to relief from judgment in this matter based on counsel's error.

---

[4] That case requires that the court consider (1) the possible prejudice to the later filer, (2) the length of delay and the impact on judicial proceedings, (3) the reason for delay, especially if it was in the reasonable control of the movant, and whether the movant acted in good faith. *Id.* at 395.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Vacate [doc. 116] will be denied.

**THUS DONE** in Chambers on this ___15___ day of ___August___, 2019.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE